UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DANIEL S. RICHARD and
ERIN K. RICHARDS,

                Plaintiffs,

-against-

DELAVAL DAIRY SERVICE, DELAVAL INC.,
DELAVAL DIRECT DISTRIBUTION LLC, and
DELAVAL SERVICES LLC,
                Defendants.

**NOTICE OF REMOVAL**

Civil Case No.   1:19-cv-646 (GLS/CFH)

---

TO THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK:

Defendants DeLaval Inc. ("DeLaval"), DeLaval Dairy Service (incorrectly named herein as an entity distinct from DeLaval), DeLaval Direct Distribution LLC (incorrectly named herein as an entity distinct from DeLaval), and DeLaval Services LLC (incorrectly named herein) (collectively, "Defendants"), constituting all of the named defendants in this action, by and through the undersigned counsel, hereby file this Notice of Removal of the above-entitled action to the United States District Court for the Northern District of New York, from the Supreme Court of the State of New York, County of Washington, where the action is now pending, based upon 28 U.S.C. §§ 1332(a)(1) and 1441, and respectfully state:

1.    On or about May 7, 2019, Plaintiffs Daniel S. Richard and Erin K. Richards ("Plaintiffs") commenced this action in the Supreme Court of the State of New York, County of Washington, by filing a Summons and Verified Complaint with the Clerk of said Court. A copy

of the Summons and Complaint, together with all exhibits thereto, is attached as **Exhibit A** to this Notice of Removal.

2. DeLaval was served with a copies of the Complaint and Summonses addressed to each of named Defendants, by hand-delivery to DeLaval's office located at 11100 North Congress Avenue, Kansas City, Missouri 64153, on May 13, 2019. Upon information and belief, on or about May 9, 2019, copies of the Summons and Complaint were also hand-delivered to 3273 East Badger Road, Everson, Washington 98247, in an apparent attempt to serve the defendant improperly named herein as DeLaval Direct Distribution LLC (which does not exist as an independent entity; see paragraph 9 below). As noted above, the Summons and Complaint were originally filed on May 7, 2019, less than 30 days before the filing of this Notice of Removal. Accordingly, this Notice of Removal is timely, because it is filed prior to the expiration of 30 days after service of the Complaint. See 28 U.S.C. § 1446(b).

**The Amount in Controversy Exceeds $75,000**

3. In the "WHEREFORE" paragraph of the Verified Complaint, Plaintiffs demand "judgment against Defendants to recover for all of their damages." (Exhibit A, at p.58). The Verified Complaint identifies Plaintiffs' alleged damages as "including, but not limited to, the costs incurred for the purchase and installation of the VMS [DeLaval Voluntary Milking System] . . .," together with several other categories of claimed damages. (Exhibit A, ¶¶ 90, 101; see id., ¶ 21). Plaintiffs allege that "the total costs incurred by Richards to purchase and install the VMS," was "an amount well exceeding $500,000.00." (Exhibit A, ¶ 23).

4. The amount in controversy in this action, therefore, exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. §§ 1332(a), 1446(c)(2).

**The Action is Between Citizens of Different States**

5. The Complaint alleges that Plaintiffs are individuals who reside at 167 Bunker Hill Road, Cossayuna, New York (see Exhibit A, ¶ 1).

6. DeLaval is a foreign corporation incorporated and organized under the laws of the State of Delaware. DeLaval's principal place of business is either its large office located at 11100 North Congress Avenue, Kansas City, Missouri 64153, or its corporate offices (where its President is located), at 3000 Lakeside Drive, Suite 305, South, Bannockburn, IL 60015. Neither of those two offices is located within the State of New York. (See Affidavit in Support of Removal ("Affidavit in Support"; attached as **Exhibit B** hereto), ¶¶ 4, 17).

7. As set forth in the accompanying Affidavit in Support, DeLaval is the only named defendant that currently exists or that existed at the time Plaintiffs entered into the Sales Agreement for the purchase of the equipment at issue in this action. (See Affidavit in Support, ¶¶ 4, 16).

DeLaval Dairy Service

8. The Verified Complaint alleges in paragraph 3 that "DeLaval Dairy Service" is a "domestic company duly organized and existing under and by virtue of the laws of the State of New York with an address at 1048 State Route 197, Argyle, New York 12809." In fact, DeLaval Dairy Service is a division of DeLaval Inc., and is not a separate company. (See Affidavit in Support, ¶¶ 5-8, Exh. A).

DeLaval Direct Distribution LLC

9. The Verified Complaint alleges in paragraph 11 that DeLaval Direct Distribution LLC is a foreign limited liability company with a principal executive office at 3273 East Badger Road, Everson, Washington 98247. Although DeLaval Direct Distribution LLC was originally a

Delaware limited liability company, it was merged into DeLaval Inc. in 2003, and has not existed as a separate corporate entity since that time. (See Affidavit in Support, ¶¶ 9-11, Exhs. B & C).

DeLaval Services LLC

10.  The Verified Complaint alleges in paragraph 15 that DeLaval Services LLC is a foreign limited liability company with a principal executive office at 11100 N Congress Ave., Kansas City, Missouri 64153. Although DeLaval Services LLC was originally a Delaware limited liability company, it was merged into West Agro, Inc. (a wholly-owned subsidiary of DeLaval, Inc.) on February 5, 2016, and withdrew from conducting business in May 2016. As a result, DeLaval Services LLC no longer exists as a separate legal entity. (See Affidavit in Support, ¶¶ 12-15, Exhs. D & E).

11.  Therefore, this action is between citizens of different States, as required by 28 U.S.C. § 1332(a)(1).

12.  By reason of the foregoing, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

13.  All defendants join in this Notice of Removal, in satisfaction of 28 U.S.C. § 1446(b)(2)(A).

14.  A copy of all process, pleadings, and orders served upon Defendants in this action is attached and filed with this Notice of Removal. To date, the only documents Plaintiffs have served upon Defendants in the State Court action are the Summons and Complaint, which are attached as Exhibit A hereto.

15.  Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly provided to counsel for Plaintiffs.

16. A copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Washington, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully request that this action now pending in the Supreme Court of the State of New York, County of Washington, be removed to this Court.

Dated: May 31, 2019
Albany, New York

WHITEMAN OSTERMAN & HANNA LLP

By: */s/ John J. Henry*
_____
John J. Henry, Esq. (501744)
Alan J. Goldberg, Esq. (507444)
Co-Counsel for Defendants
One Commerce Plaza
Albany, New York 12260
(518) 487-7600
(518) 487-7777 (facsimile)
jhenry@woh.com
agoldberg@woh.com

NEXSEN PRUET
Peter A. Santos, Esq.
   (*pro hac vice motion to be submitted*)
Samantha K. Lloyd, Esq.
   (*pro hac vice motion to be submitted*)
Co-Counsel for Defendants
The Carillon Building
227 W Trade St #1550
Charlotte, North Carolina 28202
(704) 338-5336
(704) 805-4714 (facsimile)
psantos@nexsenpruet.com